**CHAPMAN, Plaintiff-Appellant, v. OYER, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21038.   Decided November 1, 1948.

J. W. McCarron, Cleveland, for plaintiff-appellant.

M. L. Lang, Cleveland, for defendant-appellee.

(NICHOLS, J, of the Seventh Appellate District sitting by designation in place of MORGAN, J, of the Eighth Appellate District.)

## OPINION

By NICHOLS, J.

Plaintiff appellant, an attorney at law of the Cleveland Bar, brought this action in the common pleas court of Cuyahoga county in which he sought compensation from the defendant appellee on a quantum meruit basis for his services in connection with the sale of certain described real estate owned by the defendant and located in the City of Cleveland.

The plaintiff alleged he was employed as an attorney to procure and that he did procure a purchaser for the property for the purchase price of $21,500.00; that such purchaser was ready, willing and able to purchase the property and that the purchaser and the owner entered into a contract on the 18th day of March, 1946; that his services were reasonably worth $1045.00, no portion of which has been paid and for which amount he prayed judgment with interest from March 18, 1946.

For answer to plaintiff's petition, the defendant denied that he employed plaintiff as an attorney; admitted that plaintiff procured one Morris Fromin to enter into a contract of purchase for $21,500.00; denied that Fromin was ready, willing and able to purchase the property; denied that the plaintiff performed the services agreed to be performed and further denied that plaintiff's services were reasonably worth the sum of $1045.00 or any other amount.

Further answering, defendant alleged that on March 21, 1946, prior to defendant's acceptance of Fromin's offer to purchase, the plaintiff and defendant entered into a written agreement providing for payment by defendant to plaintiff of the sum of $500.00 in full for plaintiff's services in making the sale to Fromin; that the sale was never consummated through no fault or failure on defendant's part.

Further answering, the defendant alleged that Fromin failed to perform his duties and obligations under the contract of purchase and particularly, that he failed to deposit in escrow with The Land Title Guarantee & Trust Company the sum of $21,000.00 on or before April 21, 1948, as provided, and that thereupon the contract became null and void and of no effect; that the sale was never consummated and that plaintiff failed to procure a purchaser who was ready, able and willing to purchase and that plaintiff is not entitled to any compensation for his alleged services.

For reply to defendant's answer, the plaintiff denied its allegations and averments "except the admissions."

The cause coming on for trial the plaintiff abandoned his claim upon quantum meruit; admitted the written agreement providing the payment of $500.00 for his services and asked to "recover $500.00 for the sale of the property."

The trial resulted in judgment for defendant from which this appeal is prosecuted.

As shown by the bill of exceptions, plaintiff sought and obtained the defendant's consent to procure a purchaser for defendant's described premises for the sum of $21,500.00, there being no definite agreement between plaintiff and defendant at the time such consent was given as to what commission

or fee the plaintiff was to receive. The plaintiff procured Fromin to make a written offer to purchase the property upon terms and conditions set forth therein. The pertinent parts of the written proposal are as follows:

"The purchase price is Twenty-one thousand five hundred dollars ($21,500.00) payable as follows:

1. Check payable to The Land Title Guarantee & Trust Company in the sum of Five Hundred Dollars ($500.00) which amount when this offer is accepted shall apply on the purchase price.

2. The balance sum of Twenty-one Thousand Dollars ($21,000.00) to be deposited in escrow with The Land Title Guarantee & Trust Company within thirty (30) days following the date of your acceptance of this offer.

The premises shall be conveyed by a good and sufficient warranty deed with proper release of dower which deed shall warrant the title free and clear of any and all encumbrances, except zoning ordinances, if any, restrictions, conditions, limitations and easements of record, if any, taxes and assessments for the year 1945 and thereafter. You will provide at your cost, title guarantee with The Land Title Guarantee & Trust Company in the sum of Twenty-one Thousand five hundred dollars ($21,500.00) which title guarantee shall warrant title in the name of the undersigned as warranted in the within warranty deed.

\* \* \*

This offer is conditional upon the undersigned obtaining a first mortgage loan in the sum of Sixteen Thousand Dollars ($16,000.00) to be secured by the property described herein, which mortgage shall bear interest at the rate of four and one-half percent (4½%) per annum and payable at the rate of one percent (1%) monthly which shall include interest and principal. Otherwise this offer shall be null, void and of no effect and the within five hundred dollar ($500.00) check to be returned to the undersigned."

Plaintiff presented such written proposal to defendant together with Fromin's check for $500.00. At the time the proposal was presented to defendant the following provision was incorporated therein:

"Attorney W. W. Chapman is the only real estate agent in this transaction and shall be paid by you the regular rate of real estate commission as set by the Cleveland Real Estate Board only when and if this transaction shall be fully consummated."

The defendant would not sign the acceptance of the proposal with the quoted section therein and thereupon there was stricken therefrom all that part following the words: "Attorney W. W. Chapman is the only real estate agent in this transaction." and at the same time plaintiff and defendant executed the following written agreement:

"Cleveland, March 21, '46
It is hereby agreed that Atty. W. W. Chapman and Albert H. Oyer agree that said Chapman shall receive five hundred dollars in full as fee for making sale of two 6 suite apts, at 719 and 722 East 91st and 92nd Str. Cleveland to Morris Fromin.

W. W. Chapman
Albert H. Oyer."

The evidence clearly discloses, indeed it is admitted by defendant, that he never executed or delivered in escrow the deed contemplated in the written proposal of Fromin, and that within a few days after the expiration of the time in which Fromin was to deposit the purchase money with the escrow agent, the defendant sold the property to another purchaser; the defendant at the time believing, no doubt, that the rights of Fromin under the contract had terminated. However, it appears to this court that the written proposal clearly contemplated that the defendant owner was to execute and deliver his deed for the property in escrow within the thirty days provided for Fromin to procure a loan secured by mortgage upon the property. Otherwise it would not have been possible for Fromin to obtain such a loan and secure the same by mortgage as in the proposal provided. Time was not made the essence of this agreement and even though it might be considered that time was of the essence thereof, there clearly rested upon defendant an obligation to do all and singular the acts which would enable the purchaser to comply with his proposal. This the defendant failed and neglected to do and by his action in making a resale of the property, prevented the carrying out by Fromin of his agreement to purchase.

It is clear, therefore, that plaintiff in this action performed all of the services which were contemplated to be performed on his part as an attorney for defendant, and that under the terms of the written agreement of March 21, 1946, between plantiff and defendant, the plaintiff is entitled to recover the amount stipulated in the agreement as compensation for his services.

There is no dispute as to the facts in this case. The judgment of the trial court upon these facts should have been for

the plaintiff in the sum of Five Hundred Dollars ($500.00) with interest from March 21, 1946, and this court coming now to render the judgment which should have been rendered upon such facts, finds for the plaintiff in the sum of $500.00 with interest from March 21, 1946 and remands this case to the common pleas court of Cuyahoga County to carry such judgment into execution.

Judgment reversed and final judgment for plaintiff appellant in the sum of $500.00 with interest from March 21, 1946. Exceptions. Order See Journal.

HURD, PJ, SKEEL, J, concur.